IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

YOUSEF QATTOUM                                                        PETITIONER

v.                                              CIVIL ACTION NO. 5:18-cv-137-DCB-MTP

SHAWN R. GILLIS                                                       RESPONDENT

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] and Amended Petition [4] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Yousef Qattoum. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petitions be denied.

### BACKGROUND

In May of 2015, Petitioner was sentenced in the United States District Court for the Eastern District of Arkansas after he pleaded guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956. At the time he filed his Petition, Petitioner was incarcerated at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi.[1] Petitioner argues that he is entitled to habeas relief because the Federal Bureau of Prisons ("BOP") should have provided him additional "good time" credits pursuant to the First Step Act. Additionally, Petitioner attacks the validity of his conviction and sentence, arguing that the sentencing court lacked subject matter jurisdiction and that the sentence imposed by the court is unreasonably harsh.

---

[1] Petitioner is currently housed at the North Lake Correctional Facility in Baldwin, Michigan.

1

## ANALYSIS

A federal inmate may attack the manner in which his sentence is being carried out or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Petitioner brings claims relating to both the execution and legality of his sentence. The undersigned will first address those claims relating to the legality of Petitioner's sentence.

Petitioner argues that the sentencing court lacked subject matter jurisdiction because the "United States failed to produce a valid contract when the alleged complaint was filed" and because no one has suffered an "injury in fact." Petitioner also argues that his sentence is unreasonably harsh.

Despite Petitioner's attempt to frame these claims as an attack on the "manner, location, or conditions" of his confinement, Petitioner is challenging the legality of his conviction and sentence. As previously stated, a federal inmate's challenge to the validity of his conviction should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. *Ojo*, 106 F.3d at 683. There is, however, a "back door" to Section 2255 known as the "savings clause" which allows a Section 2241 petition under certain limited circumstances. This savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  Thus, "a section 2241 petition that seeks to challenge a federal sentence or conviction—thereby effectively acting as a section 2255 motion—may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack*, 218 F.3d at 452 (citation omitted).

The "inadequacy or inefficacy requirement is stringent." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  A Section 2241 petition is not a substitute for a Section 2255 motion, and Petitioner bears the heavy burden of establishing the inadequateness or ineffectiveness of the Section 2255 motion. *Pack*, 218 F.3d at 452.  Courts find a remedy under Section 2255 to be inadequate or ineffective "only in extremely limited circumstances." *Id*.

To satisfy the requirements of the savings clause, Petitioner must demonstrate that (1) he raises a claim "that is based on a retroactively applicable Supreme Court decision," (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion," and (3) the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense" or, in other words, the petitioner may be actually innocent. *Reyes-Requena*, 243 F.3d at 904.

Petitioner has failed to argue—much less demonstrate—that any of these requirements have been met.  Thus, Petitioner has not met his heavy burden of establishing that a Section 2255 motion would be inadequate or ineffective to test the legality of his detention.  Petitioner cannot pursue his claims challenging his conviction and sentence in a Section 2241 petition; therefore, these claims should be dismissed with prejudice.

As previously mentioned, Petitioner also challenges the execution of his sentence, arguing that the BOP should have provided him additional "good time" credits pursuant to the First Step Act.  On June 11, 2019, Respondent filed a Response [12], arguing that this claim

should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing his Petition.

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent submitted a declaration of Rosalind Ellington, an Administrative Remedy Specialist in the BOP's Central Office. *See* Declaration [10-1]. According to Ellington, ACCC has a multi-step administrative process for resolving prisoner complaints. An inmate must first submit a grievance to the ACCC contractor.[2] If unsatisfied with the contractor's response, the inmate may appeal to the BOP's Privatization Management Branch, using Administrative

---

[2] Ellington states that the BOP contracts with Core Civic to house federal inmates at ACCC, which is contractor-owned and operated.

Remedy Form BP-230. Finally, the inmate may appeal to the BOP's Office of General Counsel, using Administrative Remedy Form BP-231. *Id*.

Ellington states that Petitioner "has never filed any administrative remedies with the BOP." *Id*. In response, Petitioner argues that he did not have to exhaust his claims challenging the jurisdiction of the sentencing court. As previously explained, however, Petitioner cannot pursue the claims challenging his conviction and sentence in a Section 2241 petition. Petitioner's remaining claim challenges the execution of his sentence, which is properly pursued in a Section 2241 petition, but Petitioner was required to exhaust his administrative remedies prior to filing his petition in this Court. Petitioner has failed to exhaust his available administrative remedies as required by law, and Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in the Court.

## RECOMMENDATION

For the reasons set forth herein, the undersigned recommends that the Petition [1] and Amended Petition [4] for Writ of Habeas Corpus be DENIED, that Petitioner's claims challenging his conviction and sentence be DISMISSED with prejudice, and that Petitioner's claims challenging the execution of his sentence be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 4th day of February, 2020.

> s/Michael T. Parker
> UNITED STATES MAGISTRATE JUDGE