IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**YOUSEF QATTOUM**                                                    **PETITIONER**

VS.                                    CIVIL ACTION NO. 5:18-cv-137-DCB-MTP

**SHAWN R. GILLIS**                                                    **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner Yousef Qattoum's Petition (docket entry 1) and Amended Petition (docket entry 4) for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. United States Magistrate Judge Michael T. Parker entered his Report and Recommendation (docket entry 17), recommending that the Petitioner's Petitions be DENIED.

In May of 2015, Petitioner was sentenced in the United States District Court for the Eastern District of Arkansas after pleading guilty to conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956.

At the time Petitioner filed his Petition, he was incarcerated at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi. However, he is currently housed at the North Lake Correctional Facility in Baldwin, Michigan.

1

Petitioner argues that he is entitled to habeas relief because the Federal Bureau of Prisons ("BOP") should have provided him additional "good time" credits pursuant to the First Step Act. Petitioner also attacks the validity of his conviction and that the sentence imposed by the Court is unreasonably harsh.

A federal inmate may attack the manner in which his sentence is being carried out, or the prison authorities' determination of its duration in a habeas petition pursuant to 28 U.S.C. § 2241, filed in the same district where the prisoner is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). By contrast, a federal inmate's challenge to the validity of his conviction or sentence should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. See Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997).

The Petitioner brings claims relating to both the execution and the legality of his sentence. Magistrate Judge Parker first addresses those claims relating to the legality of the Petitioner's sentence.

The Petitioner argues that the sentencing court lacked subject matter jurisdiction because the "United States failed to produce a valid contract when the alleged complaint was filed" and because no one has suffered an "injury in fact." Petitioner also argues that his sentence is unreasonably harsh.

Despite the Petitioner's attempt to frame these claims as an attack on the "manner, location, or conditions" of his confinement, Magistrate Judge Parker observes that the Petitioner is challenging the legality of his conviction and sentence. A federal inmate's challenge to the legality of his conviction should be pursued in a motion pursuant to 28 U.S.C. § 2255, filed in the sentencing court. Ojo, 106 F.3d at 683. There is, however, a "back door" to Section 2255 known as the "savings clause," which allows a Section 2241 petition under certain limited circumstances. The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In his Report and Recommendation, Magistrate Judge Parker finds that "a section 2241 petition that seeks to challenge a federal sentence or conviction – thereby effectively acting as a section 2255 motion – may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." Pack, 218 F.3d at 452 (citation omitted).

The "inadequacy or inefficacy requirement is stringent." Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). A Section 2241 petition is not a substitute for a Section 2255 motion, and the Petitioner bears the heavy burden of establishing the inadequateness or ineffectiveness of the Section 2255 motion. Pack, 218 F.3d at 452.  Courts find a remedy under Section 2255 to be inadequate or ineffective "only in extremely limited circumstances." Id.

To satisfy the requirements of the savings clause, the Petitioner must demonstrate that (1) he raises a claim "that is based on a retroactively applicable Supreme Court decision," (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion," and (3) the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense" or, in other words, the petitioner may be actually innocent. Reyes-Requena, 243 F.3d at 904.

Magistrate Judge Parker found that the Petitioner failed to argue – much less demonstrate – that any of these requirements have been met.  Thus, the Petitioner has not met his heavy burden of establishing that a Section 2255 motion would be inadequate or ineffective to test the legality of his detention.  Petitioner cannot pursue his claims challenging his conviction and sentence

4

in a Section 2241 petition; therefore, these claims must be dismissed with prejudice.

As previously mentioned, the Petitioner also challenges the execution of his sentence, arguing that the BOP should have provided him additional "good time" credits pursuant to the First Step Act. On June 11, 2019, Respondent filed a Response (docket entry 12), arguing that this claim should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing his Petition.

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. Rourke v. R.G. Thompson, 11 F.3d 47, 49 (5th Cir. 1993); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal" because "proper exhaustion of administrative remedies is necessary." Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); see also Herrera-Villatoro v. Driver, 269 Fed.App'x. 372 (5th Cir. 2010). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action." Fuller, 11 F.3d at 62 (quoting Hessbrook v. Lennon, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the

5

exhaustion requirement bears the burden of demonstrating the futility of administrative review.  Id.

Respondent Gillis submitted a declaration of Rosalind Ellington, an Administrative Remedy Specialist in the BOP's Central Office.  See Declaration [10-1].  According to Ellington, ACCC has a multi-step administrative process for resolving prisoner complaints.  An inmate must first submit a grievance to the ACCC contractor. (Ellington states that the BOP contracts with Core Civic to house federal inmates at ACCC, which is contractor-owned and operated).  If unsatisfied with the contractor's response, the inmate may appeal to the BOP's Privatization Management Branch, using Administrative Remedy Form BP-230. Finally, the inmate may appeal to the BOP's Office of General Counsel, using Administrative Remedy Form BP-231.  Id.

Ellington states that Petitioner "has never filed any administrative remedies with the BOP."  Id.  In response, Petitioner argues that he did not have to exhaust his claims challenging the jurisdiction of the sentencing court.  As previously explained, however, Petitioner cannot pursue the claims challenging his conviction and sentence in a Section 2241 petition.

Petitioner's remaining claim challenges the execution of his sentence, which is properly pursued in a Section 2241 petition, but Petitioner was required to exhaust his administrative remedies

6

prior to filing his petition in this Court.  Petitioner has failed to exhaust his available administrative remedies as required by law, and Petitioner has failed to demonstrate extraordinary circumstances for his failure to exhaust administrative remedies. The BOP should have an opportunity to consider the Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in the Court.

Magistrate Judge Parker recommends that the Petition (docket entry 1) and Amended Petition (docket entry 4) for Writ of Habeas Corpus be DENIED, that Petitioner's claims challenging the execution of his sentence be DISMISSED with prejudice, and that the Petitioner's claims challenging the execution of his sentence be DISMISSED without prejudice.

Although Magistrate Judge Parker notified the Petitioner that he had the right to file written objections to the Magistrate Judge's Recommendations within fourteen days after being served a copy of said Recommendations, Petitioner did not do so.  Petitioner was also warned that failure to do so would bar Petitioner, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  See Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

ACCORDINGLY, the Court adopts the Report and Recommendation of Magistrate Judge Parker.

7

For the reasons set forth herein, the Court DENIES the Petitioner's Petition for Writ of Habeas Corpus (docket entry 1), and DENIES the Petitioner's Amended Petition for Habeas Corpus (docket entry 4);

Furthermore, the Petitioner's claims challenging the execution of his sentence are DISMISSED WITHOUT PREJUDICE.

ACCORDINGLY, a FINAL JUDGMENT denying the Petitioner's Petition for Writ of Habeas Corpus (docket entry 1) and denying the Petitioner's Amended Petition for Habeas Corpus (docket entry 4) shall be entered.

SO ORDERED AND ADJUDGED, this the 1st day of June, 2020.

_/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE